IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK REED,

           Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE INC.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; NEW CENTURY MORTGAGE CORPORATION; and US BANK NATIONAL ASSOCIATION,

           Defendants.

No. CIV S-10-2133 GEB EFB PS

ORDER TO SHOW CAUSE

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 8, 2011, the district judge adopted the undersigned's recommendation that defendants First American Trustee Servicing Solutions, LLC, f/k/a First American Loanstar Trustee Services, LLC and Wells Fargo Home Mortgage, Inc.'s dismissal motions be granted, and dismissed plaintiff's complaint, Dckt. No. 1, without leave to amend as to those defendants.[1] Dckt. No. 37.

////

---

[1] Among other things, the February 8, 2011 order also struck plaintiff's December 23, 2010 amended complaint, Dckt. No. 31.

1

Accordingly, the only defendants remaining in this action are New Century Mortgage Corporation and U.S. Bank National Association.

It appears from the court file that plaintiff has not yet properly effected service of process on either of the two remaining defendants, New Century Mortgage Corporation and U.S. Bank National Association. Plaintiff has not filed an executed summons as to defendant U.S. Bank National Association. Additionally, although plaintiff filed an executed summons indicating that he personally served New Century Mortgage Corporation on August 20, 2010, Dckt. No. 15, on August 30, 2010, New Century Mortgage Corporation filed a letter with this court indicating that service was not perfected on it and that any claims against it are barred because, among other reasons, New Century Mortgage Corporation filed bankruptcy in April 2007 and the bankruptcy court subsequently appointed a liquidating trustee and established an exclusive procedure by which any claims against the parties in bankruptcy were to proceed. Dckt. No. 4.

Accordingly, plaintiff will be ordered to show cause why New Century Mortgage Corporation and/or U.S. Bank National Association should not be dismissed, and as a result, this case be dismissed in its entirety, for failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to follow court orders.

////

////

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff shall show cause, in writing, on or before March 23, 2011, why New Century
3  Mortgage Corporation and/or U.S. Bank National Association should not be dismissed for failure
4  to effect service of process within the time prescribed by Rule 4(m).

5  2. Failure of plaintiff to comply with this order may result in a recommendation that
6  New Century Mortgage Corporation, U.S. Bank National Association, and/or this action be
7  dismissed for failure to follow court orders, for failure to effect service of process within the time
8  prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).

9  SO ORDERED.

10  DATED: March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE